## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| JARVIS O'BRYAN MOSLEY, <br> Appellant, | DOCKET NUMBER <br> AT-0752-14-0666-I-1 |
| v. | |
| DEPARTMENT OF <br> TRANSPORTATION, <br> Agency. | DATE: December 3, 2015 |

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

H. Jerome Briscoe III, Esquire, Huntsville, Texas, for the appellant.

Alison M. Debes, Esquire, and Jennifer D. Ambrose, Esquire, Washington, D.C., for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which sustained his removal.  Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED by this Final Order to incorporate the standards set out in *Savage v. Department of the Army*, 122 M.S.P.R. 612 (2015), for affirmative defenses of equal employment opportunity (EEO) reprisal and race discrimination, we AFFIRM the initial decision.

¶2      The agency hired the appellant for the position of Air Traffic Control Specialist in 2008. Initial Appeal File (IAF), Tab 4, Subtab 4a; Hearing Transcript (HT) at 10 (testimony of the appellant). Retention in the position required that he satisfactorily complete training and become a Certified Professional Controller (CPC). IAF, Tab 4, Subtab 4x at 1, 3. Following academy training as well as on-the-job training at two facilities, the appellant relocated to a third facility in Columbus, Georgia, around July 2011, where he received additional on-the-job training. HT at 10-14 (testimony of the appellant); IAF, Tab 4, Subtab 4w. However, by August 2013, the appellant had not yet received his CPC certification. HT at 65 (testimony of H.B.); IAF, Tab 4, Subtab 4t.

¶3      The agency's facility manager, H.B., convened a Training Review Board (TRB) in September 2013, to determine an appropriate course of action. IAF, Tab 4, Subtab 4s. Citing consistent deficiencies in the appellant's performance and an inability to demonstrate significant improvement, members of the TRB

unanimously recommended terminating his training. *Id*. at 19. Thereafter, the District Manager, B.L., proposed terminating the appellant's training. IAF, Tab 4, Subtab 4r. The appellant submitted a response to the proposal, IAF, Tab 4, Subtab 4n, but B.L. issued a decision to terminate his training, IAF, Tab 4, Subtab 4m. In November 2013, the agency's National Employee Services Team reviewed the matter and unanimously recommended the appellant no longer be retained due to his failure to certify at even the lowest activity level, despite 5 years of combined training. IAF, Tab 4, Subtabs 4i, 4k.

¶4    In January 2014, the agency proposed the appellant's removal from service for "fail[ing] to demonstrate the ability to work at the CPC/[Full Performance Level] in a less complex" Federal Aviation Administration facility.[2] IAF, Tab 4, Subtab 4g. The appellant did not submit a substantive response to the proposal. *Cf.* IAF, Tab 4, Subtab 4d (request to stay his proposed removal). In April 2014, the agency issued its decision to terminate the appellant's employment. IAF, Tab 4, Subtab 4b.

¶5    The appellant filed the instant appeal. IAF, Tab 1. He raised affirmative defenses of harmful error, EEO reprisal, disability discrimination, and racial discrimination. *See, e.g.*, IAF, Tab 17 at 4-9. After holding the requested hearing, the administrative judge affirmed the appellant's removal. IAF, Tab 22, Initial Decision (ID). The appellant has filed a petition for review. Petition for Review (PFR) File, Tab 1. The agency has not filed a response.[3]

---

[2] The specification supporting the agency's charge indicated that the appellant "failed to successfully complete the Air Traffic Control Training Program" and that he was deficient in (1) "consistently apply[ing] separation standards during light to moderate traffic," (2) "demonstrat[ing] the ability to maintain focus on the entire traffic situation," and (3) "demonstrat[ing] the capacity for effective and timely reaction to emergency or unusual situations." IAF, Tab 4, Subtab 4g at 1-2.

[3] On November 16, 2015, the appellant submitted a pleading titled "Addendum to Petition for Review." PFR File, Tab 3. Because the appellant did not comply with the Board's regulation that required him to file a motion and obtain leave to submit an additional pleading, *see* 5 C.F.R. § 1201.114(a)(5), we have not considered this pleading on review.

¶6        The appellant's petition contains a number of arguments, all of which appear to implicate his affirmative defenses.[4]   First, he alleges that the administrative judge failed to adequately consider numerous instances of purported impropriety involving the appellant's supervisor, H.B., as circumstantial evidence of a discriminatory or retaliatory intent. *Id*. at 5-11.  In addition, the appellant appears to reassert his disability discrimination allegation, arguing that the agency erred by failing to address his request for reasonable accommodation. *Id*. at 12-13.  Finally, the appellant reasserts that his removal should be reversed due to harmful error and a violation of his right to due process. *Id*. at 14-15.

The appellant failed to prove his affirmative defenses of race discrimination and EEO reprisal.

¶7        The administrative judge determined that the appellant failed to prove his affirmative defenses of race discrimination and retaliation for engaging in EEO activity.  ID at 13-15, 19-22.  We agree.

¶8        After the initial decision was issued, however, the Board issued a decision that clarified the evidentiary standards and burdens of proof under which the Board analyzes such claims. *Savage v. Department of the Army,* 122 M.S.P.R. 512, ¶¶ 42-43, 51 (2015).  We find that applying the analytical framework in *Savage* would not change the result in this case.  Although the appellant disagrees with how his training was conducted and evaluated, primarily because of a discrepancy in the documentation of a training session, *see, e.g.*, PFR File, Tab 1 at 5-8; HT at 80-83, 180-81, he failed to establish that race discrimination or EEO reprisal were motivating factors in his removal.  Thus, based on the existing

---

[4] Because the appellant has presented no substantive arguments concerning the proof of the charge, nexus, or penalty, we will not revisit the administrative judge's well-reasoned findings as to the same.  ID at 6-9; *see Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 106 (1997) (finding no reason to disturb the administrative judge's findings where she considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions on issues of credibility); *Broughton v. Department of Health & Human Services*, 33 M.S.P.R. 357, 359 (1987) (same).

record, and for the reasons contained in the initial decision, we affirm the administrative judge's finding that the appellant did not meet his burden of proving these claims.

The administrative judge properly denied the appellant's remaining affirmative defenses.

¶9      The appellant appears to reassert his disability discrimination affirmative defense, alleging that the agency failed to properly address his request for reasonable accommodation.  PFR File, Tab 1 at 12-13; *see* IAF, Tab 15 at 6-7. He also reasserts that the agency's training review process was tainted by harmful error and a due process violation.  PFR File, Tab 1 at 14-15.  We find no merit to these arguments.

*Disability discrimination*

¶10     To prove a failure to accommodate disability discrimination claim, an appellant must prove that he is a disabled person, that the action appealed was based on his disability and, to the extent possible, he must articulate a reasonable accommodation under which he believes he could perform the essential duties of his position or of a vacant funded position to which he could be reassigned. *Sanders v. Social Security Administration*, 114 M.S.P.R. 487, ¶ 16 (2010). However, reasonable accommodation is always prospective; an agency does not have a duty to retroactively excuse poor performance based upon a subsequent request to accommodate a previously unknown disability.  *See* 42 U.S.C. § 12112(b)(5) (defining illegal disability discrimination under the Americans with Disabilities Amendments Act (ADAAA) to include failing to reasonably accommodate "known physical or mental limitations");[5] *Purcell v. Department of Veterans Affairs*, EEOC Request No. 05970773, 1999 WL 448126, at *1-*2

---

[5] As a Federal employee, the appellant's claim of discrimination on the basis of disability arises under the Rehabilitation Act of 1973. However, the regulatory standards for the ADAAA have been incorporated by reference into the Rehabilitation Act, and the Board applies them to determine whether there has been a Rehabilitation Act violation.  *Sanders v. Social Security Administration*, 114 M.S.P.R. 487, ¶ 16 (2010) (citing 29 U.S.C. § 791(g); 29 C.F.R. § 1614.203(b)).

(June 24, 1999) (finding that an agency was not required to accommodate an employee or retroactively excuse her poor performance based on a request for accommodation she made after receiving the performance appraisal at issue); 29 C.F.R. § 1630.9(a).

¶11     It is undisputed that the appellant did not inform the agency of his medical conditions or seek reasonable accommodation until after H.B. suspended his training, the TRB recommended terminating his training, and B.L. proposed terminating his training, all of which resulted from the appellant's poor performance. *See, e.g.*, PFR File, Tab 1 at 13; IAF, Tab 4, Subtab 4q. Therefore, as the administrative judge properly noted, the appellant's reasonable accommodation request did not obligate the agency to excuse his prior failures. ID at 19; *see Purcell*, 1999 WL 448126, at *2.

  *Harmful error and due process*

¶12     Pursuant to 5 U.S.C. § 7701(c)(2), an agency's adverse action "may not be sustained . . . if the employee or applicant for employment shows harmful error in the application of the agency's procedures in arriving at such decision[.]" Reversal of an agency's action is therefore required where an appellant establishes that the agency committed a procedural error that likely had a harmful effect on the outcome of the case before the agency. *Goeke v. Department of Justice*, 122 M.S.P.R. 69, ¶ 7 (2015).

¶13     In his petition for review, the appellant reasserts that the agency erred by introducing information concerning a driving under the influence citation into the TRB process. PFR File, Tab 1 at 14. However, the administrative judge found, inter alia, that the appellant failed to prove that this was an error, ID at 10-11, and we agree. Although the appellant characterizes the agency's actions as harmful error, he has failed to present anything to demonstrate that those actions were prohibited by law, rule, or regulation. PFR File, Tab 1 at 14; *see Scott v. Department of Justice*, 69 M.S.P.R. 211, 242 (1995) (concluding that the appellant did not meet his burden of showing that the agency committed harmful

error when he failed to identify any rule or regulation that the agency violated in the application of its procedures), *aff'd*, 99 F.3d 1160 (Fed. Cir. 1996) (Table).

¶14    The appellant also characterizes the aforementioned introduction of information concerning the driving under the influence citation into the TRB process as a due process violation.  PFR File, Tab 1 at 14-15 (citing *Ward v. U.S. Postal Service*, 634 F.3d 1274, 1279-80 (Fed. Cir. 2011); *Stone v. Federal Deposit Insurance Corporation*, 179 F.3d 1368, 1376-77 (Fed. Cir. 1999)).  This argument similarly fails.

¶15    *Ward* and *Stone* stand for the proposition that a deciding official violates an employee's due process rights when he relies upon new and material ex parte information as a basis for his decisions on the merits of a proposed charge or the penalty to be imposed.  *See Mathis v. Department of State*, 122 M.S.P.R. 507, ¶ 6 (2015).   In this case, the TRB merely convened to consider and ultimately recommend terminating the appellant's training.  IAF, Tab 4, Subtab 4s at 19. The TRB was not the deciding official for the appellant's removal, nor did it deprive him of any other property interest.[6]  IAF, Tab 4, Subtab 4b.  Therefore, we find that the TRB's consideration of information concerning a driving under the influence charge is of no consequence in this appeal.

### NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter.  5 C.F.R. § 1201.113.  You have the right to request further review of this final decision.

Discrimination Claims:  Administrative Review

You may request review of this final decision on your discrimination claims by the Equal Employment Opportunity Commission (EEOC).  *See* title 5

---

[6] Further, the TRB process preceded the appellant's removal, and he was permitted to respond prior to the final TRB determination.  *Supra* ¶ 3.

of the United States Code, section 7702(b)(1) (5 U.S.C. § 7702(b)(1)). If you submit your request by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit your request via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, NE
Suite 5SW12G
Washington, D.C. 20507

You should send your request to EEOC no later than 30 calendar days after your receipt of this order. If you have a representative in this case, and your representative receives this order before you do, then you must file with EEOC no later than 30 calendar days after receipt by your representative. If you choose to file, be very careful to file on time.

Discrimination and Other Claims:  Judicial Action

If you do not request EEOC to review this final decision on your discrimination claims, you may file a civil action against the agency on both your discrimination claims and your other claims in an appropriate United States district court. *See* 5 U.S.C. § 7703(b)(2). You must file your civil action with the district court no later than 30 calendar days after your receipt of this order. If you have a representative in this case, and your representative receives this order before you do, then you must file with the district court no later than 30 calendar days after receipt by your representative. If you choose to file, be very careful to file on time. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of

prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.


FOR THE BOARD:                              _____
                                           William D. Spencer
                                           Clerk of the Board

Washington, D.C.